THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY LEE DANTZLER** | : | |
|     Plaintiff, | : | |
| | : | |
|     V. | : | CIVIL ACTION NO. 21-CV-4794 |
| | : | |
| **JOSEPH YOUNG**, *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**BARTLE, J.**                                                                                             NOVEMBER  9, 2021

      Harry Lee Dantzler has filed this action using the preprinted form complaint for use by unrepresented litigants.  Dantzler seeks to invoke this Court's federal question and diversity of citizenship jurisdiction over claims against a number of individuals involved in a foreclosure proceeding filed against him in state court.  The Defendants are Joe J. Young, "Abraham Sandberg, Eleventh Street LLC," Marquita R. Johnson, Robyn Lamore, and "Jerome J. Young, Wealth Investment Net."  Dantzler also seeks leave to proceed *in forma pauperis*.  For the reasons that follow, Dantzler will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**  **FACTUAL ALLEGATIONS**

      Dantzler's allegations are far from clear.  He appears to assert that a property at 7509 Briar Road in Philadelphia "has a [Fake], Mortgage on it" and on September 28, 1999, "Plaintiff's property were (sic) sold as an advance [Fee Fraud]."  (ECF No. 2 at 8 (brackets in original).)[1]  Non-party Ocwen Loan Servicing, LLC admitted that this paperwork was legally defective.  (*Id.*)  The balance of Dantzler's 24-page Complaint consists almost entirely of

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

disjointed sentences about his property being sold or used, legal conclusions about fraud, deception, and the violation of his constitutional rights, and statements about non-parties.[2] In short, it appears that the property was subject to foreclosure proceedings, perhaps by Eleventh Street, LLC and Wealth Investment Network, sold at a sheriff's sale to Defendant Marquita Johnson, Defendant Young altered a document "kept by the Government, for record information" and the Defendants "used this false impression to conceal themselves from the public." (*Id.* at 10.)  Although Dantzler listed Defendants Robyn Lamore, and Jerome J. Young in the caption of the Complaint, he makes no substantive allegations against them.  Dantzler seeks to invoke the Court's federal question jurisdiction to raise constitutional claims against the Defendants under the Fifth, Sixth, Eighth and Fourteenth Amendments, as well as state law claims under the Court's diversity jurisdiction. (*Id.* at 2, 5.)  He seeks money damages and the return of his property. (*Id.* at 6.)

Attached to the Complaint is a letter dated March 17, 2012 providing Dantzler with a Notice of Intention to Foreclose Mortgage.[3]  (ECF No. 2-1 at 2.)  Dantzler has also attached numerous *pro se* pleadings he apparently filed in the Philadelphia Court of Common Pleas, (*id.*

---

[2] For example, he asserts with no apparent context that "A [Fast People Search], were investigated in search of other addresses concerning forgeries, and other fraudulent acts . . ., and found the defendant's, in [December 4, 2000] committed Intrinsic Fraud by concealing their fraud., Entity Type at address: [" 1673, East 16 th. Street, Suite 59, Brooklyn, New York. 11229.] As, [C/O, Abraham Sandberg]. "Entity Type: [DOMESTIC LIMITED LIABILITY COMPANY].  (ECF No. 2 at 9 (ellipses, spacings, capitalizations and brackets in original).)

[3] In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint.  *See Harris v. U.S. Marshal Serv.*, Civ. A. No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

at 4-27), and decisions from that Court and the Pennsylvania Superior Court (*id*. at 31-40).[4] In a decision dated March 1, 2021, in the case of *Dantzler v. Young*, No. 190901660 (Sept. Term 2019) ("*Dantzler II*"), Judge Denis P. Cohen of the Court of Common Pleas explained his decision dismissing claims brought by Dantzler against all of the Defendants he has also named in this case, namely claims for fraud against Joe Young, Jerome Young, Wealth Investment Network, Abraham Sandberg, Eleventh Street, LLC, Robyn Lamore and Marquita Johnson. (ECF No. 2-1 at 5 (caption listing Defendants), 33). The decision references a prior case, *Dantzler v. Young*, No. 150202116 ("*Dantzler I*"), involving the same dispute over the ownership of the property, in which the Court determined that the deed transferring the property to Young was valid, the signatures of Dantzler and Young were valid, and Young was the legal owner of the property. (ECF No. 2-1 at 34-35.) Judge Cohen determined that the doctrine of collateral estoppel barred Dantzler from reasserting claims in the new case since the issues involving the mortgage foreclosure and ownership of the property were finally resolved in *Dantzler I*. (*Id.* at 38-40.) Judge Cohen's decision was affirmed on appeal. (*Id.* at 31 (*Dantzler v. Young*, No. 1771 EDA 2020 (Pa. Super. Ct. June 30, 2021))).

## II.  STANDARD OF REVIEW

The Court grants Dantzler leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[4] The attachments also include copies of deeds, transfer tax certificates, numerous unexplained certified mail receipts, and documents purporting to show that a notary public who apparently was involved in preparing a deed was not licensed.

3

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Moreover, § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is, *inter alia*, malicious. A malicious claim is one that is "plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). As Dantzler is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

The Court understands Dantzler to be asserting constitutional and state law claims against the Defendants based on the foreclosure of his property. The claims fail on several fronts. First, while Dantzler references violations of his constitutional rights, no Defendant he has named may be held liable for money damages in a federal court for constitutional violations.

The vehicle by which federal constitutional claims may be brought in federal court is § 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Since each Defendant Dantzler names in this case appears to be a private citizen, the "state actor" requirement for bringing constitutional claims under § 1983 is lacking.[5]  Accordingly, all constitutional claims he asserts against the Defendants are not plausible and will be dismissed with prejudice.

Because the Court has dismissed his federal constitutional claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to

---

[5] The fact that some Defendants brought a foreclosure action against Dantzler in state court is insufficient to deem them to be state actors under § 1983.  *See Sous v. Timpone*, Civ. A. No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) ("Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do.  Filing a report or a civilian complaint does not transform a private citizen into a State actor.") (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)).

remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, Civ. A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). Dantzler has provided an address in Pennsylvania for himself and each of the Defendants, while providing both a Pennsylvania and New York address for Defendant Johnson. (ECF No. 2 at 1-2.) He does not, however, allege the citizenship of the parties. The Pennsylvania addresses he has provided for himself and the Defendants suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Dantzler has not sufficiently alleged that the parties are completely diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Even if Dantzler had established that the parties were of diverse citizenship, the claims would still be subject to dismissal for the same reasons Dantzler's second attempt to litigate them in state court were dismissed: one who loses on a legal claim is barred from a "second bite at the apple" – let alone the third bite that this case would represent – by the doctrine of collateral estoppel. First, the Court looks to Pennsylvania's collateral estoppel rules to determine if the earlier decisions estop Dantzler from re-litigating the same state law claims here. *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-9 (2001). Under Pennsylvania law,

> collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4), the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*C.J. v. Dep't of Pub. Welfare*, 960 A.2d 494, 499 (Pa. Commw. Ct. 2008) (citing *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Comm'n*, 950 A.2d 1120 (Pa. Commw. Ct. 2008)).  From the face of the exhibits attached to the Complaint, it is clear that all of the elements of Pennsylvania's collateral estoppel rule apply.  In *Dantzler II*, the same claims for money damages and return of the property were asserted and rejected against the same Defendants.  (*See* ECF No. 2-1 at 33.)  That decision was affirmed on appeal to the Pennsylvania Superior Court.  Accordingly, even if the Court had jurisdiction, the claims would be subject to dismissal on this basis.  Moreover, as this is now the third attempt by Dantzler to assert the same claims, they would likewise be dismissed as malicious under § 1915(e)(2)(B)(i).

      An appropriate Order follows dismissing the federal constitutional claims with prejudice and all state law claims for lack of subject matter jurisdiction.